# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# DISTRICT OF MARYLAND
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

ROSANA E. CHAVEZ
ASSISTANT FEDERAL PUBLIC DEFENDER

July 16, 2019

The Honorable Paula Xinis
United States District Court
For the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

FILED
LODGED ___ ENTERED
___ RECEIVED
JUL 29 2019
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

Re: *United States v. Alcides Dominguez Valenzuela*
Case No.: PX-19-0298

Dear Judge Xinis,

This office represents Mr. Dominguez Valenzuela in the above-referenced matter. It is Mr. Dominguez Valenzuela's intention to enter a plea of guilty to the one count pending against him, despite the absence of an agreement with the government regarding his guilty plea. Therefore, I am submitting this letter to explain the basis of Mr. Dominguez Valenzuela's plea and to confirm that Mr. Dominguez Valenzuela has knowingly and voluntarily agreed to plead guilty.

1. Mr. Dominguez Valenzuela has agreed to plead guilty to the sole count of the Indictment now pending against him, charging him with Reentry of Removed Alien, a violation of Title 8, United States Code, Section 1326(a).

## Elements of the Offense

2. The elements of the offense to which Mr. Dominguez Valenzuela has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

   a. Mr. Dominguez Valenzuela is an alien - an individual who is not a natural born or naturalized citizen of the United States and who is not a U.S. national;

   b. Mr. Dominguez Valenzuela was previously deported, excluded or removed from the United States by U.S. immigration authorities;

   c. Mr. Dominguez Valenzuela knowingly and intentionally entered or attempted to reenter or was at any time found in the United States subsequent to his removal; and

   d. Mr. Dominguez Valenzuela did not receive permission from the U.S. Attorney General

or his designated successor, the Secretary of the Department of Homeland Security, before he re-entered the United States.

## Penalties

3. The maximum sentence provided by statute for the offense to which Mr. Dominguez Valenzuela is pleading guilty is as follows: two (2) years of imprisonment, a fine of $250,000, and a period of supervised release of one (1) year. In addition, Mr. Dominguez Valenzuela must pay $100 as a special assessment pursuant to 18 U.S.C. §3013. If a fine is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. Mr. Dominguez Valenzuela understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and he could be returned to custody to serve another period of incarceration and a new term of supervised release. Mr. Dominguez Valenzuela understands that the Bureau of Prisons has sole discretion in designating the institution at which he will serve any term of imprisonment imposed.

## Waiver of Rights

4. Mr. Dominguez Valenzuela understands that by pleading guilty, he surrenders certain rights as outlined below:

a. If Mr. Dominguez Valenzuela had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if Mr. Dominguez Valenzuela, the Government, and the Court all agreed.

b. If Mr. Dominguez Valenzuela elected a jury trial, the jury would be composed of twelve individuals selected from the community. Undersigned counsel and Mr. Dominguez Valenzuela would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before Mr. Dominguez Valenzuela could be found guilty of any count. Similarly, all twelve jurors would have to agree in order for Mr. Dominguez Valenzuela to be found not guilty. If a unanimous verdict of guilty or not guilty did not occur, the government could retry the case as many times as is necessary in order to have a jury reach a unanimous verdict. The Court would instruct the jury that Mr. Dominguez Valenzuela was presumed to be innocent, and that presumption could be overcome only by proof that satisfied the jury beyond a reasonable doubt.

c. If Mr. Dominguez Valenzuela went to trial, the Government would have the burden of proving Mr. Dominguez Valenzuela guilty beyond a reasonable doubt. Mr. Dominguez Valenzuela would have the right to confront and cross-examine the Government's witnesses. Mr. Dominguez Valenzuela would not have to present any defense witnesses or evidence whatsoever. If Mr. Dominguez Valenzuela wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. Mr. Dominguez Valenzuela would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that it could not draw any adverse inference from his decision not to testify. In other words, the Court would tell the jury that it could not believe that Mr. Dominguez Valenzuela was guilty simply because he did not testify.

e. If Mr. Dominguez Valenzuela were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.

f. By pleading guilty, Mr. Dominguez Valenzuela will be giving up all of these rights, except the right to appeal the sentence. By pleading guilty, Mr. Dominguez Valenzuela understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements Mr. Dominguez Valenzuela makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts Mr. Dominguez Valenzuela's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, Mr. Dominguez Valenzuela will also be giving up certain valuable civil rights. He understands that there may be immigration consequences associated with this conviction and he has been counseled accordingly. He also understands that he may be subject to deportation or removal. He nevertheless affirms that he wishes to plead guilty regardless of potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. Mr. Dominguez Valenzuela understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and § 3742(e)) and 28 U.S.C. §§ 991 through 998. Mr. Dominguez Valenzuela further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual Statement

6. Mr. Dominguez Valenzuela agrees that the Government would prove beyond a reasonable doubt the following facts if this case were to proceed to trial:

> Walter Dominguez Valenzuela was born in Mexico and has at all relevant times been a citizen of Mexico and an alien to the United States.
>
> Mr. Dominguez Valenzuela was previously removed from the United States in pursuant to an order of deportation, exclusion, or removal on March 11, 2009.

3

After his removal from the United States, Mr. Dominguez Valenzuela reentered the United States, and was taken into custody by Immigration and Customs Enforcement in the District of Maryland on or about May 30, 2019.

Mr. Dominguez Valenzuela reentered the United States subsequent to his prior removal without having sought or obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to apply for readmission to the United States.

## Advisory Sentencing Guidelines Factors

7. The following advisory sentencing guideline calculations are applicable to this case: Under § 2L1.2 of the United States Sentencing Guidelines (U.S.S.G.), the **base offense level is 8**.

Mr. Dominguez Valenzuela is entitled to a 2-level reduction for the timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). **The final offense level is 6**.

## Criminal History

8. Mr. Dominguez Valenzuela understands that his criminal history could alter his offense level and his advisory guideline range.

## Sentence Within the Discretion of the Court

9. Mr. Dominguez Valenzuela understands that under the current state of the law in the federal system, the sentence to be imposed is within the sole discretion of the Court. Mr. Dominguez Valenzuela understands that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. In determining the factual basis for the sentence, the Court will consider the stipulated statement of facts, together with the results of the presentence investigation, and any other relevant information. Mr. Dominguez Valenzuela understands that the Court is under no obligation to accept any recommendation from the defense or the Government regarding the sentence, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. Mr. Dominguez Valenzuela understands that if the Court should impose any sentence up to the maximum established by statute, Mr. Dominguez Valenzuela cannot, for that reason alone, withdraw his guilty plea, and will remain bound to his guilty plea. Mr. Dominguez Valenzuela understands that the prosecutor, his counsel, and the Court cannot make a binding prediction, promise, or representation as to what guidelines range or sentence he will receive. Mr. Dominguez Valenzuela agrees that no one has made such a binding prediction or promise.

## Conclusion

10. I have reviewed the advisory sentencing guidelines with Mr. Dominguez Valenzuela, explained the role of the Court in sentencing, and reviewed the rights that he is giving up by pleading guilty. To my knowledge, Mr. Dominguez Valenzuela is competent to enter a guilty plea and his decision to do so is an informed and voluntary one.

7/17/19
Date

Rosana E. Chavez, Assistant Federal Public Defender

I, Alcides Dominguez Valenzuela, have discussed my case thoroughly with my attorney, in the Spanish language. I understand the elements of the offense to which I am pleading guilty. I understand the maximum penalty for this offense and the rights I give up by entering a guilty plea. I agree with the factual stipulation set forth above, and I am completely satisfied with the representation of my attorney. My decision to plead guilty is knowing and voluntary.

7/17/19
Date

Alcides Dominguez Valenzuela

Cc: Brandon Robers, SAUSA
    Jessica Collins, AUSA